Dear Mr. Savoie:
As Commissioner of Higher Education you have requested an opinion of the Attorney General on what effect, if any, the enactment of Act 361 of the 2004 Legislature has on two projects initiated by two universities operating under the Board of Supervisors for the University of Louisiana System ("Board"). Both projects relate to the design, construction and management of additional student housing, one on the campus of the University of Louisiana at Monroe ("ULM") and the other on the campus of Northwestern State University ("NSU"). Both projects were initiated prior to the enactment of Act 361 and both were authorized and executed in accordance with LSA R.S. 17:3361-3366.
LSA-R.S. 17:3361-3366 authorizes State colleges and universities to enter into long term leases of their lands to private developers for construction of certain types of improvements without compliance with either the Lease of Public Lands Law (R.S.41:1211 et seq.) or the Public Bid Law (R.S. 38:2211 et seq.).
Leases of University Property. Under the provisions of La.R.S.17:3361(A)(5), a state college or university may lease any of its real property for a term not to exceed ninety-nine (99) years to a private entity, provided the private entity agrees under the terms of the lease to construct improvements to the property which will further the educational, scientific, research or public_service functions of the college or university.
Exemption from Public Bid Law. Under La.R.S. 17:3361(B), contracts entered into by a private entity for the construction, erection or maintenance of improvements to the property leased, are not considered public works contracts subject to the Public Bid Law.
Exemption from Lease of Public Lands Law.
Under La.R.S. 17:3361(E), the Lease of Public Lands Law is not applicable to agreements authorized under the provisions of La.R.S. 17:3361, et seq. The lease of property by a state college or university to a private developer for the construction of approved improvements is exempt from compliance with the Lease of Public Lands Law.
Criteria for Construction of Approved Improvements. Under La.R.S. 17:3362, a state college or university may adopt rules and regulations and requirements relative to the erection, construction and maintenance of approved improvements as it deems necessary and desirable. Unless waived, a college or university may retain the right to remove the improvements if lessee violates the rules, regulations and requirements adopted.
Sublease from Private Developer. Under La.R.S. 17:3365, a college or university may lease all or a portion of approved improvements from a private developer on such terms and conditions as it deems necessary and desirable.
Proposed Development is in Compliance with Expressed PublicPolicy. State colleges and universities are allowed to lease public lands to private entities for the construction of improvements which benefit the public educational and public service functions of a college or university without compliance with either the Lease of Public Lands Law or the Public Bid Law. State colleges and universities may adopt rules, regulations and requirements relative to the construction and erection of the improvements and lease back the improvements from the private developer.
Under the provisions of La.R.S. 17:3361 et seq., the Louisiana legislature has recognized that (I) a private developer's construction obligations under a ground lease and the contracts entered into with respect to such construction obligations are notpublic contracts subject to the Public Bid Law; and (ii) ground lease agreements to facilitate private development on public lands for public purposes are not contrary to public policy.
While state colleges and universities may enter into such agreements without compliance with either the Public Bid Law or the Lease of Public Lands Law, in order to protect the public interest, the Board is required to select the private entity pursuant to a competitive bid or competitive proposal process. According to the facts set forth in your opinion request such a competitive bid or proposal process was followed. The proposed projects are allowed by applicable law and are not contrary to expressed public policy.
The proposed projects for additional student housing serves the public function for which the Board was formed. The proposal for the development and construction of the proposed facilities meet the criteria approved by the legislature for development of lands owned by state colleges and universities for public purposes.
It is therefore the opinion of our office that LSA.-R.S.17:3361-3366 unambiguously gives an exemption to the Board from compliance with the Public Bid Law and Public Lands Law in the lease of property to a private entity for the construction of improvements on the leased property if the private entity is selected pursuant to a competitive bid or competitive proposal process. Having so concluded, we now turn to the issue of whether the language in Act 361 of the 2004 Legislature requires compliance by the Board with the Bid Law for the expenditure of state-appropriated funds, despite this specific exemption.
Act 361 of the 2004 Legislature amended the Public Bid Law by enacting R.S. 38:2225.2 and R.S. 38:2225.3. These provisions, in relevant part, provide as follows:
 38:2225.2 Neither the state nor any local entity, unless specifically authorized by law, may execute any agreement for the purchase of unimproved property which contains provisions related to the successful design and construction of a construction project prior to transfer of title to the state or local entity.
 38:2225.3 The state shall not let any contract for a public project with any person that is to administered by or paid for, in whole or in part, with state funds, under which the person is to construct a building or other structure which, upon completion, is to be purchased or leased by the state or leased with an option to purchase upon termination of the lease by the state.
The language of R.S. 38:2225.2 clearly provides that its provisions are not applicable should there be other specific statutory authorizations of law. As previously noted R.S.17:3361-3366 provides such specific authority and therefore neither 38:2225.2 nor 38:2225.3 is applicable to the two projects described in the opinion request. However, assuming arguendo, that the Board was not specifically exempted from the requirement of 38:2225.2 and 2225.3 the statutes would not apply to the facts set forth in your opinion request. 38:2225.2 would not apply because there would be no agreement wherein the Board would purchase unimproved property for the design build of a construction project and a subsequent transfer back to the entity.
R.S.38:2225.3 would not apply because the Board would not be letting out any public work contract that requires the expenditure of state funds for the construction of a building which upon completion would be purchased or leased back to the state. Under the facts set forth in the opinion request a private entity, not the state, will let out the construction contract and no state funds will be used for the construction of the improvements.
We find that there is no direct unresolvable conflict between R.S.17:3361 and Act 361 of the 2004 Legislature. Act 361 references public works in its text and amends Title 38 which is entitled Public Contracts, Works and Improvements. Title 17:3361(B) specifically states that contracts executed in accordance with its provisions shall not constitute public works contracts. It is therefore the opinion of our office that the requirements in R.S.17:3361-3366 provide a clear and unambiguous exemption to the Public Bid Law and Public Lands Law that was not altered or amended by the enactment of Act 361 of the 2004 Legislature. This office can find no evidence that the legislature intended to change, alter or repeal LA. R.S. 17:3361 et seq. Pursuant to LSA R.S. 17:3361-3366 the Board is exempt from following the provisions of the Public Bid Law and Public Lands Law in awarding contracts for the lease of college or university property to a private entity who is obligated under the terms of the lease agreement to construct improvements which will further the educational, scientific, research, or public service functions of the board if the private entity has been selected pursuant to a competitive bid or competitive proposal process.
We trust that this answers your inquiry.
Very truly yours,
 CHALRES C. FOTI, JR. ATTORNEY GENERAL
 By: _______________________________ RICHARD L. McGIMSEY Assistant Attorney General
CCFI/RLM/dam